IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE:

JOHN GALLEGOS and
MICHELLE GALLEGOS

CASE NO. 14-12479-t7

DEBTOR(S)

## MOTION FOR RELIEF FROM AUTOMATIC STAY

**COMES NOW,** The Bank of Clovis, (hereinafter "Secured Creditor") by and through its attorney, Queener Law Firm, P.C., (Richard L. Queener), and for its Motion for Relief from the Automatic Stay states the following:

1. Debtors filed the above-captioned bankruptcy petition on August 15th, 2014.

2. Secured Creditor was described in Schedule F as an unsecured creditor in the Petitioner's Voluntary Petition.

3. Secured Creditor holds an unperfected security interest in a 1995 Jeep Wrangler (VIN#1J4FY19POSP241764). Debtors signed a Promissory Note and security agreement with Lender on December 15, 2013 for an amount of $6,157.18, to be secured by the 1995 Jeep Wrangler (See Creditor's Proof of Claim and all attachments thereto).

4. Debtor's obtained the loan under false pretenses to pay off an extraordinary high rate loan Debtor had obtained from Wheels Financial Group, LLC. (See Exhibit "A", Statement of Loan, Federal Disclosures, Promissory Note and Security Agreement, attached hereto and incorporated for all purposes) with an interest rate of 183.31% however, upon information and belief, Debtors never paid said note and never brought the title to the vehicle to the Bank of Clovis for perfection.

5. The Debtors defaulted on the above mentioned note to The Bank of Clovis in March

of 2014 and have not made all subsequent payments thus Debtors are in arrears for a total $6,024.39 on the original loan. Debtors have avoided evaded and fraudulently concealed the collateral making it impossible for the Creditor to repossess its collateral.

6. Upon talking with Debtors' counsel, Creditor has been told that Debtors do not have the title to said collateral upon which Debtors' pledged a security interest to Creditor.

7. Debtors perpetuated these fraudulent acts upon Creditor by: (1) promising to deliver and pledging collateral that was not available; (2) concealing and secreting the collateral when Debtor knew that Creditor was attempting to repossess said collateral; and, (3) fraudulently listing said collateral with this Court as free from encumbrances and listing Creditor as unsecured.

8. Secured Creditor is entitled to relief from the automatic stay in order to exercise its rights in law, equity and under the terms of the Promissory Note in order to sell its collateral, and apply the sales proceeds to the obligation.

9. Secured Creditor is requesting concurrence in the relief requested in this motion from the Debtors and the Chapter 7 Trustee; concurrence, on information and belief, will not be received from the Debtors. (On information and belief the property is occupied by Debtor.)

10. For the above and foregoing reasons, Movant asserts cause exists sufficient to waive the requirements of Bankruptcy Rule 4001(a)(3), therefore allowing an Order to be effective upon this Honorable Court's signature.

**WHEREFORE**, Secured Creditor respectfully requests the Court to modify the Automatic Stay to permit it to exercise its rights in law, equity and under the terms of the Promissory Note between it and the Debtors, including but not limiting to the securing, sale or disposition of its collateral, alternatively for an order that Debtors immediately commence paying adequate protection payments, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

QUEENER LAW FIRM, P.C.

_____
Richard L. Queener
1304 Pile St
Clovis, NM 88101
Telephone: (575) 935-9400
Telecopier: (575) 935-9401
*Attorney for The Bank of Clovis*

1-408-278-7400

STATEMENT OF LOAN • FEDERAL DISCLOSURES • PROMISSORY NOTE AND SECURITY AGREEMENT

| Borrower Name and Address | Lender Name and Address |
|---|---|
| John M. Gallegos<br>124 Scottsdale Dr<br>Clovis, NM 88101-2739 | Wheels Financial Group, LLC dba 1-800LoanMart<br>15821 Ventura Blvd. Suite 280<br>Encino, CA 91436<br>(818) 285-4864 |
| Co-Borrower Name and Address | License No.: 01561 |
| | Loan No.: 944378 |
| Date of Loan: 09/19/2013 | Maturity Date: 12/19/2014 |

In this Promissory Note and Security Agreement ("Agreement"), Borrower and Co-Borrower are referred to as "you" and "your" and Lender is referred to as "we," "us" and "our". The Federal Truth in Lending Act Disclosures are part of this Agreement. On the date shown opposite your signature(s) below, we have loaned you money and you have granted to us a security interest in your motor vehicle described below ("Vehicle") as collateral to secure repayment. Unless the following box is checked, this loan is made primarily for personal, family or household purposes.
☐ Business or Commercial Purposes

| Vehicle Description | Year: 1995 | Make: Jeep | Model: Wrangler |
|---|---|---|---|
| Odometer: 97500 | | VIN#: 1J4FY19P0SP241764 | Color: Green |
| Transmission: | | License No.: CYH023 | Body Style: 2d Utility 4wd - Sahara |

### Federal Truth in Lending Act Disclosures

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 183.31 % | $2,407.30 | $1,505.00 | $3,912.30 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 15 | $260.82 | Monthly, beginning 10/19/2013 |

**Security:** You are giving a security interest in your Vehicle.
**Late Charge:** If any payment is not made within 10 days after it is due, you will be charged $5 or 5%, whichever is less.
**Prepayment:** If you pay off early, you will not have to pay a penalty.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds.

* The Lender may retain a portion of these amounts

| Itemization of Amount Financed | | Important Notice to Borrower(s) |
|---|---|---|
| A. Amount Given to You Directly | $604.04 | THIS IS A HIGH-COST LOAN. YOU MAY BE ABLE TO OBTAIN A LOAN FROM SOMEONE ELSE AT A LOWER RATE OF FINANCE CHARGE. THINK CAREFULLY BEFORE YOU DECIDE TO TAKE THIS LOAN. |
| B. Amount Paid to: New Mexico Title Loans | $895.96 | |
| C. Amount Paid to: | $0.00 | |
| D. Amount Paid to: | $0.00 | |
| E. DMV Lien Fee | $5.00 | |
| F. DMV Registration Fees | $0.00 | |
| G. GAP Waiver | $0.00 | Borrower X _____ |
| H. Prepaid Finance Charge (Admin. Fee) | $225.00 | |
| I. Total Loan Amount | $1,730.00 | Co-Borrower X _____ |
| J. Amount Financed (I minus H) | $1,505.00 | |

For value received, you promise to pay to our order at our office address shown above the Total Loan Amount ("Principal") shown above and finance charge on the unpaid Principal at the simple interest rate of **150.00% per year**, in equal Monthly installments of Principal and interest as shown in the payment schedule above, until you have paid us all that you owe us. If more than one of you signs this Agreement, each of you will be individually and jointly liable to us for repayment.

**Simple Interest Loan & Your Payments.** This is a simple interest loan. Finance charge will accrue on the unpaid Principal balance on a daily basis. Payments we receive will be applied first to fees, such as late charges, then to accrued and unpaid finance charge, then to unpaid Principal, then to other amounts you may owe us. If you make more than one payment before it is due, you will still owe the payments due as scheduled (advance payments are applied to the Principal balance). The Finance Charge, Total of Payments and Payment Schedule disclosed in the Federal Truth in Lending Disclosures may differ from the actual amount you pay if your payments are not received by us on their exact due dates, or we advance amounts under this Agreement to fulfill your obligations, which we may add to the unpaid Principal balance. Your final payment may be different than the amount disclosed in the Payment Schedule if you make your payments after the date they are due, or if we added amounts we advanced to the Principal balance.

Case 14-12479-t7 Doc 10 Filed 09/16/14 Entered 09/16/14 08:49:27 Page 4 of 4

Exhibit "A"